## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | C.A. No. 6:04-1002-26AK |
| Plaintiff, | ) ) | CONSENT DECREE |
| vs. | ) ) ) | |
| EAGLE CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Defendant. | ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

The Commission and the Defendant, Eagle Construction Company, Inc. (the "Defendant"), hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

2. Defendant shall pay Sue Dona the sum of Twenty Thousand Dollars ($20,000) in settlement of the claims raised in this action. This monetary payment shall be considered a payment for alleged compensatory damages, back and front pay, attorney's fees, and costs. Defendant shall make payment by issuing two checks payable to Sue Dona. Payment shall be made within fifteen days after the Court approves this Consent Decree, and Defendant shall mail the checks to Sue Dona at an address provided by the Commission. Within ten days after the checks have been sent, Defendant shall mail to Lynette A. Barnes, Acting Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, N.C., 28202, copies of the checks and proof of their delivery to Sue Dona.

3. This Consent Decree is not and shall not be construed to be an admission of liability by Defendant. No findings of any kind as to the merits have been made or issued by the Court in this civil action. None of the parties are, nor do they claim to be, the prevailing party in this civil action. Defendant has entered into this Consent Decree in order to resolve this civil action without the burden, expense, delay, and uncertainty of further litigation.

4. Defendant agrees to eliminate from the employment records of Sue Dona any and all documents, entries, or references to Ms. Dona's filing of the EEOC Charge Number 146-2003-00030 and the events related to this charge.

5. Defendant will provide Sue Dona with a neutral reference related to any third-

2

party inquiries. In response to any inquiries about Ms. Dona's employment with Defendant, Defendant will only provide information about Ms. Dona's dates of employment, position with the company, and compensation.

6. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees in South Carolina. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, including its prohibition against discrimination and retaliation in the workplace. Each training program shall also cover Defendant's policy regarding protection from discrimination and retaliation and an explanation of the rights and responsibilities of employees and managers under the policy. The first training program shall be completed within one hundred twenty (120) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

7. During the term of this decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, in all of its facilities and work sites in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant will replace it by posting another copy of the policy. Within ten (10) days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

8. Beginning with thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached

Employee Notice, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to employees at its South Carolina facilities and work sites. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

  A. the identities of all individuals who have opposed any practice made unlawful under Title VII of the Civil Rights Act of 1964, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding, or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, position, and social security number.

  B. for each individual identified in 9.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

  C. for each individual whose employment status has changed as identified in 9.B. above, a detailed statement explaining why the individual's employment status has changed.

10. Defendant agrees that the Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's South Carolina facilities and work sites, interview employees and examine and copy documents. The Commission will provide 24 hours' advance notice of any such actions to the attorney of record via facsimile at

(803) 771-4422, with a copy to Jill Spotts via facsimile at (803) 321-2332, and will conduct all such actions in a manner that does not unreasonably disrupt or interfere with Defendant's operations.

11. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation and conciliation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Decree shall be for two (2) years from its entry by the Court.

13. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Acting Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, N.C., 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed this 19th day of May, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

5

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | EAGLE CONSTRUCTION COMPANY, INC. |
| ERIC S. DREIBAND<br>General Counsel | |
| JAMES LEE<br>Deputy General Counsel | By:   s/ Allen D. Smith<br>         Childs & Halligan, P.A.<br>         900 Bank of America Tower<br>         1301 Gervais Street |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | P.O. Box 11367<br>Columbia, SC  29211-1367<br>Tel:  (803) 254-4035 |

By:   s/ Lynette A. Barnes
        Acting Regional Attorney
        129 West Trade Street, Suite 400
        Charlotte, N.C.  28202
        Tel:  (704) 344-6880

By:   s/ Zoë Mahood
        Senior Trial Attorney
        1309 Annapolis Drive
        Raleigh, N.C.  27608
        Tel:  (919) 856-4080

By:   s/ Robert F. Daley, Jr.
        Assistant U.S. Attorney
        Local Bar No. 6460
        District of South Carolina
        1440 Main Street, Suite 500
        Columbia, SC  29201
        Tel:  (919) 856-4080

6

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | **C.A. No. 6:04-1002-26AK** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| **EAGLE CONSTRUCTION COMPANY, INC.,** | ) ) ) | |
| Defendant. | | |

**NOTICE TO EMPLOYEES**

This Notice is being posted pursuant to a Consent Decree entered in the above-styled case. Federal law prohibits discrimination against any employee for employment because of the individual's sex, race, color, religion, national origin, disability or age (40 and over) with respect to hiring, promotion, discipline, firing, compensation, or other terms, conditions or privileges of employment. Federal law also prohibits retaliation against any employee or applicant for employment because the individual has opposed discriminatory employment practices.

Eagle Construction Company, Inc. will comply with such federal law in all respect and will not take any action against employees because of their race, sex, color, national origin, disability or age, or because they have exercised their rights under the law.

Eagle Construction Company, Inc. has adopted an equal employment opportunity policy and will ensure that all management, supervisors, and other employees abide by the requirements of that policy. Eagle Construction Company, Inc. will take all actions required by the United States District Court, including the grant of monetary relief to aggrieved individuals, and the posting of this notice.

If you believe that you have been retaliated against for opposing any practice made unlawful under Title VII of the Civil Rights Act of 1964, or because you have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, you should report the discriminatory conduct promptly to the U.S. Equal Employment Opportunity Commission, 301 N. Main Street, Suite 1402, Greenville, S.C. 29601-9916, Tel: (864) 241-4400.

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

**DO NOT REMOVE THIS NOTICE UNTIL _____, 2007**

_____    _____
Date                                                               *for* Eagle Construction Company, Inc.